## COX v. MARSH et al.

(District Court, S. D. Florida. July 26, 1923.)

### No. 258.

Injunction ☞178—Defendants held entitled to release of portion of fund not claimed by complainant on giving bond.

Where complainant claimed only a one-half interest in the proceeds of a check which was in the hands of defendants other than the one through whom complainant claimed, and an injunction against the delivery of the check would prevent the other defendants from using the portions of the fund to which complainant made no claim, it will be dissolved on condition that defendants give a bond to secure the payment of the portion claimed by complainant and deposit such portion with the surety company on cashing the check.

In Equity. Suit by John M. Cox against C. M. Marsh, and others. On motion by certain defendants to dissolve an injunction. Motion granted, on condition.

W. M. Toomer, of Jacksonville, Fla., for complainant.

Paul D. McGarry, of Jacksonville, Fla., for defendants Marsh and McGarry.

Wm. H. Baker, of Jacksonville, Fla., for defendant De Soto Land & Timber Co. and Baker.

CALL, District Judge. On January 6th a temporary restraining order was entered by this court upon bill filed, enjoining De Soto Land & Timber Company, a corporation, and W. H. Baker, its attorney, from delivering to C. M. Marsh and Thomas F. McGarry certain checks, placed in the attorney's hands by the corporation. This order was returnable January 12th. This order was kept in force by orders dated January 11th and 23d. On January 25th the interlocutory injunctional order was entered after hearing upon the bill, answers, and affidavits.

The present hearing is upon the motion of C. M. Marsh, Thomas F. McGarry, Paul Marsh, and Paul D. McGarry to dissolve this last injunction. The object of the motion is to so modify the injunctional order as to provide for the security of the amount claimed by the complainant and allow the balance to be paid over to the defendants. After a careful examination of the pleadings and affidavits filed at the hearing, I am impressed that some modification of the existing order should be made. The corporation and W. H. Baker have no interest in the outcome of the suit, other than the payment on the one hand of the outstanding checks, and the delivery of said checks to the payees.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There is no contention in the pleadings that the corporation is in any way indebted on its own account to the complainant, nor that W. H. Baker owes any duty direct to the complainant. Any right the complainant asserts is derived through and is against C. M. Marsh and the other defendants deriving interests through him. The corporation and the attorney occupy a position somewhat similar to a stakeholder with adverse claimants to the fund. They are not interested in the outcome of the litigation between the complainant and the other defendants on the final adjudication.

The complainant asserts a 50 per cent. interest in the fund, and expresses his willingness to take one-half in his bill. It seems inequitable, and unnecessary to secure his rights, that the entire fund should be impounded, and defendants deprived of such portion as they are admittedly entitled to receive, until the indefinite termination of the suit, for, as is well known to the court and counsel on each side, in the condition of the docket of this court, no definite time can be fixed at which a hearing will be had. It is an admitted fact on this record as it now stands that the principal defendant is without means to respond to a money decree against him. The only claim to property advanced by him is an ownership of certain lands in British Honduras. Therefore the only security the complainant can look to for the payment of any claim he may establish is this fund. I am of opinion that a surety bond in the sum of $7,000, payable to the complainant and the defendants C. M. Marsh, Thomas F. McGarry, Paul Marsh, and Paul D. McGarry, as his interest may be determined in the final decree in this suit, would amply protect the interest asserted by the complainant, and at the same time be equitable to the defendants.

The order will provide that, upon the moving defendants filing in this court a bond by an authorized surety company, payable and conditioned as above, in the penal sum of $7,000, W. H. Baker will have the payees of the respective checks indorse same and after collecting the amounts deposit $7,000 in the savings account of one of the national banks of this city, pay the balance remaining to the moving defendants, and indorse the certificate of deposit to the surety company making the above required bond, as security for the obligation therein assumed. The order will further provide that the interest on said deposit will remain with and become a part of such deposit; the cost of the surety bond to abide the order of the court in the final disposition of this case, and be taxed as a part of the costs. An order may then be taken dissolving the injunction; upon the performance of these acts by the corporation and W. H. Baker, its attorney, each may apply for an order dismissing it and him as a party defendant to this suit, with its and his costs.